# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0771-HE |
| | ) | |
| GENE ALLEN SCHROEDER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this case, plaintiff seeks a declaratory judgment that various documents filed and mailed by defendant in response to the collection efforts of the Internal Revenue Service ("IRS") are invalid and void.[1] It further seeks an injunction requiring defendant to identify all locations where he has filed his purported UCC Financing Statements and directing him to cease filing such statements or similar statements against the revenue agent (Dale Baustert) involved in defendant's case or any other employee of plaintiff.

The plaintiff has moved for summary judgment. Defendant failed to respond to the motion.[2] Failure to contest plaintiff's claims "is not, by itself, a sufficient basis on which to enter judgment against the [defendant]." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) (failure to respond to a motion for summary judgment is not a sufficient basis for

---

[1]*The IRS has been seeking payment of income taxes due for the years 2000 through 2005 and related statutory additions. A Notice of Levy was served on defendant's employer in June 2009 after defendant failed to pay pursuant to earlier notices and assessments.*

[2]*Plaintiff has filed [Doc. #13]a copy of a letter from defendant directed to the U. S. Department of Justice which may have been in response to plaintiff's summary judgment motion. It is difficult to determine exactly what the letter is intended to do or state, but it does not, in any event, suggest a basis for doubting the accuracy of the facts set out in plaintiff's motion or the plaintiff's entitlement to relief.*

granting the motion). Summary judgment is appropriate "only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." Id. However, by failing to respond to plaintiff's motion, defendant "waives the right to respond or to controvert the facts asserted in the summary judgment motion." Id.

Here, plaintiff's assertions of material fact are sufficiently supported by the materials attached to its motion. They show that defendant sent agent Baustert numerous documents, letters and counterclaims, groundlessly demanding that he cease collection activities and purporting to show that he owed defendant $617 million. The facts indicate that defendant filed a UCC Financing Statement, groundlessly claiming to be a secured creditor as to agent Baustert's assets. He also purported to treat agent Baustert as some sort of maritime vessel as the basis for his actions. In general, the facts establish a pattern of conduct by defendant similar to that employed by many anti-tax or anti-government protesters, whose similar arguments and positions have been clearly and repeatedly rejected by the courts.

Section 7402(a) of the Internal Revenue Code permits this court to enjoin a defendant if it is "necessary and appropriate for the enforcement of the internal revenue laws." The uncontroverted facts of this case show defendant has interfered with the proper enforcement of the tax laws of the United States through his filing of invalid liens, assertion of bogus debts, and other such matters. The relief requested by the government is warranted by the facts set out in the motion.

Accordingly, plaintiff's motion for summary judgment against defendant [Doc. #11]

is **GRANTED**. Plaintiff is directed to submit an appropriate proposed injunction order

**within seven (7) days**.

       **IT IS SO ORDERED**.

       Dated this 27th day of January, 2011.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE